IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| LUIS GERARDO HERNANDEZ-SANTANA, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CV 316-007 |
| STACEY N. STONE, Warden, | ) ) | |
| Respondent. | ) ) | |

_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Petitioner, a federal inmate currently incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2241. Having considered all the relevant pleadings, for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the petition be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

## I. BACKGROUND

Petitioner was deported to Mexico on June 6, 2014, following service of a federal sentence for being found in the United States after previous deportation. (Doc. no. 8-1, p. 6, ¶ 6.) At the time of his deportation, Petitioner was on supervision by federal authorities for his federal case as well as Texas state authorities for an unrelated state case—Case No. CR-3317-08-H. (Id.)

Petitioner subsequently reentered the country and was arrested by Hidalgo County

Texas Police Officers for possession of a controlled substance. (Id. at 7; doc. no. 1, p. 10.) While housed at the Hidalgo County Jail, immigration officials interviewed Petitioner and determined he had again illegally reentered the United States. (Id.) On July 10, 2014, independently of any action taken by immigration officials, the State of Texas executed a warrant revoking Petitioner's parole for Case No. CR-3317-08-H. (Doc. no. 8-1, p. 6, ¶ 8; id., Attach. 4.) From that point forward, Petitioner began receiving credit toward his parole violation sentence with the Texas Department of Corrections. (Id.)

On August 27, 2014, while Petitioner was still in state custody for his parole violation, federal authorities obtained custody of him pursuant to a *Writ of Habeas Corpus Ad Prosequendum* for adjudication and sentencing in two federal cases—7:14-CR-01221-001 and 7:08-CR-01251-001. (Id., Attachs. 2, 3, 5, 6.) The United States District Court for the Southern District of Texas found Petitioner guilty of being in the U.S. after deportation and of violating the terms of his federal supervised release on October 2, 2014, and March 31, 2015, respectively. (Id., Attachs. 2, 3.) The Court sentenced Petitioner to 65 months imprisonment. (Id.)

After sentencing, federal officials returned Petitioner to state custody to serve out the remainder of his state parole violation sentence. (Id., Attach. 6.) His federal judgments were filed as detainers. (Id.) On May 4, 2015, the State of Texas paroled Petitioner and turned him over to federal authorities to begin serving his 65-month federal sentence. (Id., Attach. 4.)

According to Petitioner, the BOP erred by failing to credit his detention by the state of Texas from July 3, 2014, to May 4, 2015 to the federal sentence he is currently serving. (See

2

generally doc. nos. 1, 9.) Respondent claims in response that Petitioner's July 10, 2014, to May 4, 2015 detention period was already credited toward his Texas sentence for violating his state parole, and when it discovered Petitioner had not been awarded time by Texas authorities for July 3, 2014, through July 10, 2014, it subsequently awarded Petitioner those eight days as a prior custody credit towards his federal sentence. (See doc. nos. 8, 8-1, Attachs. 4, 7.) Therefore, Petitioner is not entitled to receive any additional credit against his federal sentence. (See generally id.)

## II. DISCUSSION

The Attorney General of the United States, through authority delegated to the BOP, is responsible for imprisoning federal offenders and calculating their sentences. United States v. Wilson, 503 U.S. 329, 331 (1992); United States v. Lucas, 898 F.2d 1554, 1555-56 (11th Cir. 1990); 28 C.F.R. § 0.96. When calculating a federal sentence, the BOP starts with a determination of when a sentence commenced and then determines whether any credits should be applied to that sentence. See 18 U.S.C. § 3585. Under 18 U.S.C. § 3585, federal prisoners can receive credit for custody prior to their federal sentence as follows:

> **(b) Credit for prior custody.--**A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> **(1)** as a result of the offense for which the sentence was imposed; or
>
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence*.

3

Id. § 3685(b) (emphasis added). By enacting § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time." Wilson, 503 U.S. at 337.

In addition, "[t]ime spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time . . . . The federal court merely 'borrows' the prisoner under the provisions of the writ for secondary custody." Program Statement ("PS") 5880.28, Sentencing Computation Manual - CCCA, p. 1-20B, available at https://www.bop.gov/policy/progstat/5880_028.pdf.

Here, Respondent has shown the requested time period from July 10, 2014, through May 4, 2015, was credited toward Petitioner's Texas sentence for violating his parole. (See doc. no. 8-1, p. 6, ¶ 16; see also doc. no. 8-1, Attach. 4.) Furthermore, when Texas officials informed Respondent that Petitioner had not received credit on his State sentence from his arrest on July 2, 2014, through when the State of Texas executed their revocation warrant on July 10, 2014, Respondent subsequently awarded Petitioner those eight days as a prior custody credit towards his federal sentence. (See id., Attachs. 4, 7.)

Petitioner contends he was in federal, not state, custody from July 2, 2014, through May 4, 2015, because federal authorities had jurisdiction over him from the date of his arrest and he was only adjudicated guilty on federal, not state, offenses stemming from that arrest. (See doc. no. 9, p. 2.) However, it is clear that Petitioner was in state custody for that entire period. Petitioner was arrested by the Hidalgo County Police, placed in the Hidalgo County Jail, and served his parole revocation sentence in Texas Department of Corrections facilities. (See doc. no. 1, pp. 1-2; doc. no. 8-1, Attach. 4.) Indeed, the only period of time Petitioner was in federal custody was when he was "borrowed" by the Southern District of Texas

pursuant to a *Writ of Habeas Corpus Ad Prosequendum* so that his federal charges could be adjudicated. (Doc. no. 8-1, Attachs. 5, 6). Finally, it is irrelevant that his state custody was based on a revocation for a completely unrelated offense; all that matters is his time in state custody was already credited against another sentence. See 18 U.S.C. § 3685(b).

Because Petitioner has not shown the calculation of his sentence is in violation of the Constitution, laws, or treaties of the United States as is required to obtain relief under 28 U.S.C. § 2241, he is not entitled to the relief he seeks.

### III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** the § 2241 petition be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 13th day of March, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA